IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIAM ALLEN COLEMAN,

    Plaintiff,

v.                                                 CASE NO. 1:08-cv-00225-MP-WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 26, Report and Recommendation of the Magistrate Judge, which recommends that the decision of the Commissioner to deny Plaintiff's application for Social Security benefits be affirmed. The Magistrate entered the Report on June 2, 2009. The Court then granted Plaintiff, who is proceeding *pro se*, an extension of time to file an objection. Doc. 28. Plaintiff has now filed a timely objection (Doc. 29), to which Defendant has filed a response (Doc. 32). Plaintiff has also filed a reply to Defendant's response (Doc. 33). Because Plaintiff's objection presents new evidence, the Court liberally construes Plaintiff's objection as a motion for remand pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the Court has completed a *de novo* review of those portions of the Report to which Plaintiff objects. Upon careful consideration, the Court finds that no remand is warranted and that the decision to deny Plaintiff's application for benefits should be affirmed.

As Defendant notes, all of the additional evidence submitted by Plaintiff in support of his objection relates to the period after the decision of the Administrative Law Judge (ALJ) and is therefore immaterial. See Callahan v. Barnhart, 186 F. Supp. 2d 1219, 1229 n.4 (M.D. Fla.

2002) (noting that a claimant must show that the new evidence is material to his condition for the period for which he was claiming benefits); see also Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir. 1997) ("Additional evidence showing a deterioration in a claimant's condition significantly after the date of the Commissioner's final decision is not a material basis for remand . . . ."). Moreover, the fact remains that there is substantial evidence to support the ALJ's finding that the opinion of the treating physician, Dr. Rabbani, was not supported by medical evidence in the record. Of course, Plaintiff is free to introduce the newly cited evidence through a renewed application for disability benefits predicated upon the deterioration of his condition since the time of the original hearing. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge (Doc. 26) is ADOPTED and incorporated herein, and the decision of the Commissioner to deny Plaintiff's application for Social Security benefits is AFFIRMED.

**DONE AND ORDERED** this *29th* day of July, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge